# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MYNECA Y. OJO** | : | CIVIL ACTION LAW |
| 364 Wilson Avenue | : | |
| Hanover PA 17331 | : | |
| | : | |
| and | : | **Civil Action No.:** _____ |
| | : | |
| **KAREN ANN CROSBY** | : | |
| 335 East Locust Street | : | |
| York, PA 17403 | : | **C o m p l a i n t** |
| *Plaintiffs* | : | |
| | : | |
| **vs.** | : | |
| | : | **J U R Y   T R I A L   D E M A N D E D** |
| **BREW VINO LLC** | : | |
| **d/b/a GRANDVIEW GOLF COURSE** | : | |
| 251 North George Street | : | |
| York, PA 17401 | : | |
| | : | |
| and | : | |
| | : | |
| **STEVE CHRONISTER** | : | |
| 2309 Fairway Drive | : | |
| York, PA 17404 | : | |
| | : | |
| and | : | |
| | : | |
| **MARC BOWER** | : | |
| 218 Peyton Road | : | |
| York, PA 17403 | : | |
| | : | |
| and | : | |
| | : | |
| **JORDAN LYLE CHRONISTER** | : | |
| 505 Sandstone Lane | : | |
| York, PA 17404 | : | |
| | : | |
| and | : | |
| | : | |
| **BRIAN POLACHEK** | : | |
| 1610 Oak Lane | : | |
| Dover, PA 17315 | : | |
| | : | |
| and | : | |
| | : | |
| **JOHN DOE** | : | |
| Pennsylvania Resident | : | |
| *Defendants* | : | |

## COMPLAINT

Plaintiffs, by and through their attorneys, John L. Rollins, Esquire, of the OFFICE OF JOHN L. ROLLINS, and Mary H. Powell, Esquire, of POWELL LAW, PC, hereby complain of the Defendants, as follows:

## I.      PRELIMINARY STATEMENT

1.      This is an action brought, under the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. § 1981, 42 U.S.C. § 1982, 42 U.S.C. § 1985, 42 42 U.S.C. § 1986 *et seq.*, and U.S.C. § 2000a *et seq.*, to remedy violations of the Plaintiffs' civil rights and to redress the unlawful and discriminatory conduct of the Defendants, both directly and through the principle of *respondeat superior* for the discriminatory actions of its employees, managers, owners and other agents.  Plaintiffs, who are both African American females, each have a three-year membership at Grandview Golf Course, *infra*.  On Plaintiffs' first occasion to use their memberships to golf at Grandview Golf Course, Plaintiffs, *inter alia*, experienced discrimination on the basis of race and gender. Defendants have discriminated against Plaintiffs in a manner that violates the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963 et seq. Additionally, the Pennsylvania common law counts of this complaint include: breach of contract; constructive fraud of contract; tortious interference of contract, defamation and infliction of emotional distress.

Defendants' intentional, egregious and outrageous conduct in discriminating against Plaintiffs constituted clear and convincing evidence of racial profiling, harassment, intimidation and eviction, all to the Plaintiffs' detriment.

## II.      JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1982, 42 U.S.C. § 2000a, 42 U.S.C. § 1986 *et seq.,* 28  U.S.C. §§ 1331, 1343 (a)(3), 1367 (a), and (4), 2201, 2202, 2283 and 2284, and Rule 65 of the Federal Rules of Civil Procedure. The asserted rights and interests of the Plaintiffs exceed $175,000.00, exclusive of interest and costs. Plaintiffs' State claims are before this Court pursuant to its supplemental   jurisdiction as

codified at 28 U.S.C. § 1367. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) since substantial actions/events complained of occurred within the jurisdiction of the United States District Court for the Middle District of Pennsylvania. As well, Defendants in this matter have their principal place of business located within the jurisdictional limits of the Middle District of Pennsylvania, and Defendants and/or Defendants' employees reside within said jurisdictional limits.

3.      Venue is proper in the United States District Court for the Middle District of Pennsylvania pursuant to 42 U.S.C. § 2000a, which provides for the bringing of such actions in any judicial district in the State in which the unlawful discrimination was committed.

## III.   ADMINISTRATIVE PREREQUISITES

4.      Each Plaintiff filed a complaint with the Pennsylvania Human Relations Commission (also referred to as "PHRC") and have each received a Right to Sue Letter. For each Plaintiff, the PHRC rendered a *Finding of Probable Cause*, which includes a *Findings of Facts in Support of Probable Cause* with respect to Plaintiffs' charges against Defendant, Brew Vino**,** d/b/a Grandview Golf Course. The PHRC found probable cause that Plaintiffs were profiled, harassed, evicted and subjected to different terms and conditions of service because of their protected classes, the Race of African American, and the Sex of Female, in violation of Section 5(a) of the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963 *et seq*., while they were golfing with three (3) other African American females at Grandview Golf Course in York County, Pennsylvania, on April 21, 2018.[1, 2]

## IV.   PARTIES

5.      Plaintiff, Myneca Y. Ojo, is a citizen of the United States of America, whose permanent address is 364 Wilson Avenue, Hanover, PA 17331. Myneca Y. Ojo is an African American female.

---

[1]  A true and correct copy of the PHRC's *Finding of Probable Cause and Findings of Facts in Support of Probable Cause*: Karen Ann Crosby v. Brew Vino, LLC.**,** d/b/a Grandview Golf Course, PHRC Case No. 201800914 is attached hereto and incorporated by reference as **Exhibit A**.

[2]  A true and correct copy of the PHRC's *Finding of Probable Cause and Findings of Facts in Support of Probable Cause*: Myneca Y. Ojo v. Brew Vino, LLC.**,** d/b/a Grandview Golf Course, PHRC Case No. 201800913 is attached hereto and incorporated by reference as **Exhibit B**.

6.      Plaintiff, Karen Ann Crosby, is a citizen of the United States of America,  whose permanent address is 335 East Locust Street, York, PA 17403.  Karen Ann Crosby is an African American female

7.      Defendant, Brew Vino, LLC., d/b/a Grandview Golf Course (hereinafter "Defendant Brew Vino"), is a Pennsylvania limited liability corporation with its registered office located at 251 North George Street, York, PA 17401. At all relevant times to this action, Defendant, Brew Vino owns [owned] and operates [operated] Grandview Golf Course located at 2779 Carlisle Road, York County, Pennsylvania.

8.      Defendant, Steve Chronister. is an adult individual and was at all relevant times to this action, a manager, and/or agent, servant, employee of Defendant Brew Vino, LLC., d/b/a Grandview Golf Course and committed the acts and/or omissions alleged in this complaint within the scope and course of his employment with Brew Vino, LLC., d/b/a Grandview Golf Course. Defendant, Steve Chronister is sued in his individual capacity and his last known address is 2309 Fairway Drive, York, PA 17404.

9.      Defendant Marc Bower is an adult individual and was at all relevant times to this action, a manager, and/or agent, servant, employee of Defendant Brew Vino, LLC., d/b/a Grandview Golf Course and committed the acts and/or omissions alleged in this complaint within the scope and course of his employment with Brew Vino, LLC., d/b/a Grandview Golf Course. Defendant, Marc Bower is sued in his individual capacity and his last known address is 218 Peyton Road, York, PA 17403.

10.      Defendant, Jordan Lyle Chronister. is an adult individual and was at all relevant times to this action, a manager, and/or agent, servant, employee of Defendant Brew Vino, LLC., d/b/a Grandview Golf Course and committed the acts and/or omissions alleged in this complaint within the scope and course of his employment with Brew Vino, LLC., d/b/a Grandview Golf Course. Defendant, Jordan Lyle Chronister is sued in his individual capacity and his last known address is 505 Sandstone Lane, York, PA 17404.

11.      Defendant, Brian Polechek. is an adult individual and was at all relevant times to this action, a manager, and/or agent, servant, employee of Defendant Brew Vino, LLC., d/b/a Grandview Golf Course and committed the acts and/or omissions alleged in this complaint within the scope and course of his employment with Brew Vino, LLC., d/b/a

Grandview Golf Course. Defendant, Brian Polechek is sued in his individual capacity and his last known address is 610 Oak Lane, Dover, PA 17315.

12.     Defendant, John Doe, is believed and thus averred to be a male Pennsylvania resident, and an adult since several Defendants were believed to be involved in the drinking of alcoholic beverages at the time of the events relevant to the herein matter.  It is believed and thus averred that John Doe was at all relevant times to this action, a manager, and/or agent, servant, employee of Defendant Brew Vino and committed the acts and/or omissions alleged in this complaint within the scope and course of his employment with Defendant Brew Vino. John Doe is also sued in his individual capacity.

## V.     FACTUAL ALLEGATIONS

13.     Plaintiffs aver, adopt and incorporate by reference herein each and all of the allegations set forth in Paragraphs 1 - 12 of this Complaint as though fully set forth herein.

14.     On or about April 21, 2018, Plaintiff  Myneca Y. Ojo, Plaintiff  Karen Ann Crosby,  Ms. Sandra Thompson, Sandra Harrison, and Carolyn Dow all of which are African American females went to Defendant Brew Vino's,  golf course, Grandview Golf  Course, located at York, PA to play golf.

15.     Plaintiffs had a three-year membership at Defendant Brew Vino's, golf course to play golf. Defendant Brew Vino owns and operates a restaurant at the golf course of which is open to the public as well as persons holding golf course membership.

16.     April 21, 2018 was the first time Plaintiffs used their membership to golf at Grandview Golf Course.

17.     On April 21, 2018, originally Plaintiffs, Ms. Sandra Thompson, Ms. Sandra Harrison, and Ms. Carolyn Dow (hereinafter group of five and/or Plaintiffs' group) was to be a group of six and had been assigned two group-of-three tee times of 10:00 am and 10:16 am.

18.     Due to frost on April 21, 2018, tee times were delayed for all golfers, including the scramble tournament that was already in progress.

19.     When the group of five (5) approached the starter, (an employee that sits by a tee box and checks golf players in) Julio, last name unknown, allowed the group to proceed as one group.  Defendant Brew Vino general practice is to permit a maximum a group-of-four.

20.     Now that the Plaintiffs' group consisted of five golfers instead of six, their two

tee times were combined into one.

21.    Plaintiffs' group teed off approximately between 10:39 am and 11:12 am.

22.    Defendant, Steve Chronister approached Plaintiffs on the second hole and identified himself as the owner and told Plaintiffs that they needed to keep pace.

23.    Defendant Steve Chronister then approached, the rest of Plaintiffs' group  and was intercepted by Ms. Sandra Thompson, a member of Plaintiffs' group.

24.    Defendant Steve Chronister then told Ms. Sandra Thompson that Plaintiffs' group was playing too slow and that Defendant Brew Vino would refund the money for their golf carts and memberships.

25.    Ms. Sandra Thompson advised Defendant Steve Chronister that Plaintiffs' group was not playing too slow and they were not the cause of any delay and that he was treating them differently than the Caucasian Male golfers. Defendant Steve Chronister then at approximately 11:24 am called (911) Northern York County Regional Police. Department. Officer Erika L. Eiker, badge # 141 responded to the Grandview Golf Cub. Officer Eiker states, in part, in her narrative (Incident No. 20180421M0047), as follows:


       I responded to the Grandview Golf Course at 2779 Carlisle Road where I spoke to the owner, Steve Chronister who called 911 to report that five females were out golfing and taking their time which was causing delayed tee times for other golfers. Chronister advised that Sandra Thompson and four other black females were not following the required pace per their policy and when he attempted to speak with them about the issue Thompson accused him of being a Racist. Chronister advised that the females were still currently out on the golf course but he was not sure if they were still on hole 2 where he spoke to them.

       I rode a golf cart with the general manager out to the area where the females were at and found them to be at hole 5. Prior to speaking with Thompson and other females I again spoke with Chronister who advised that the females were caught up to where they should be at hole 5 and requested that I no longer speak with them and cause further issues. At this time, I rode back to the facility without contacting Thompson and took no further action.

26.    Plaintiff Myneca Y. Ojo, Plaintiff Karen Ann Crosby, Ms. Sandra Thompson, Sandra Harrison, and Carolyn Dow completed the first nine golf holes around 12:45 pm and took a break pursuant to standard golfing protocol/practice.

27.    Shortly after 12:45 pm, Plaintiff Karen Ann Crosby, Ms. Sandra Harrison and

Ms. Carolyn Dow decided not to complete the back nine, prepared to leave and did leave Grandview Golf Course as a direct result of the earlier discriminatory treatment by Defendants.

28.     During the PHRC's Investigative Hearing on June 21-22, 2018 regarding the herein action, Mr. Jerry Higgins, a Caucasian, Male golfer, provided testimony indicating that he teed off a little after 11:00 am, he was golfing behind Plaintiffs and their party. Further, Mr. Jerry Higgins stated that he was not held up by Plaintiffs and their group. Importantly, Mr. Jerry Higgins felt the Plaintiffs' group was being targeted.

29.     After Plaintiff Karen Ann Crosby, Sandra Harrison, and Carolyn Dow left the Grandview Golf Course, Plaintiff Myneca Y. Ojo and Ms. Sandra Thompson remained at the golf course to complete the last nine holes of the golf game.

30.     Plaintiff Myneca Y. Ojo and Ms. Sandra Thompson approached the tenth tee at the same time as Mr. Jerry Higgins' group had approached the tee. Mr. Higgins' group told Plaintiff Myneca Y. Ojo and Ms. Sandra Thompson to go ahead of them because they were taking a break.

31.     Immediately thereafter, Defendant Jordan Lyle Chronister approached Plaintiff Myneca Y. Ojo and Ms. Sandra Thompson and told them that they could not "cut people off."

32.      Ms. Sandra Thompson and Mr. Jerry Higgins explained to Defendant Jordan Lyle Chronister that Mr. Higgins' group was taking a break and that Ms. Ojo and Ms. Thompson were not cutting them off.

33.     Several of Defendant Brew Vino's managers, agents and/or employees engaged in a verbal altercation with Ms. Ojo and Ms. Thompson.

34.     It is believed and therefore averred that "video evidence shows" Plaintiff Myneca Y. Ojo and Ms. Sandra Thompson confronted by Defendant Jordan Lyle Chronister, Defendant Steve Chronister, Defendant Marc Bower, and Defendant Brian Polachek (General Manager) on the tenth tee.

35.      Defendant Jordan Lyle Chronister told Ms. Ojo and Ms. Thompson that they were told three times on April 21, 2018 to remove themselves from the premise and that it was time to go.

36.     During this verbal interchange/altercation, Defendant Brian Polachek, went into the Grandview Golf Course's clubhouse and returned with checks to reimburse Plaintiff Myneca Y. Ojo and Ms. Sandra Thompson for their membership fees.

37.     Both Ms. Ojo and Ms. Thompson refused the checks. Defendant Steve Chronister then step away from the group of Caucasian men, and for the second time called (911) the Northern York County Regional Police Department at or about 1:26 pm. *See,* **Exhibit B**, Paragraphs 28, 29,30,31,32, 33,34.

38.     It is believed and therefore averred that between April 1, 2016 and April 21, 2018, there were 28 calls made from Defendant Brew Vino's Grandview Golf Course to 911.

39.     It is believed and therefore averred that Defendant Steve Chronister was the caller on only one of the cited 911 calls between April 1, 2016 and April 21, 2018. Further, all the remaining calls to 911during the referenced time period were from owners or employees of Defendant Brew Vino. *See* **Exhibit B**, Paragraph 38.

40.     During the above referenced time period, it is believed and therefore averred that all of the remaining 27 calls made to 911 involve criminal activity or safety concerns such as fire alarms.

41.     Further, it is believed and therefore averred that no 911 call by Defendants was made because of an individual golfing too slow, nor was any call made to have a female golfer removed from the premises. *See* **Exhibit B**, Paragraph 39.

42.     It is believed and therefore averred that defendants assert that non-African American male golfers have been reminded of the Grandview Golf course's pace of play policy, but admit that the police were not on any golfers for playing too slow or to have anyone removed from the premise for that reason. *See* **Exhibit B**, Paragraph 40.

43.     It is believed and therefore averred that "video evidence" as well as calls to the police confirm that multiple Defendant Brew Vino's managers, agents and employees targeted and were watching Plaintiff  Myneca Y. Ojo, Plaintiff  Karen Ann Crosby,  Ms. Sandra Thompson, Ms. Sandra Harrison, and Ms. Carolyn Dow throughout the course of the day.  *See* **Exhibit B**, Paragraph 41.

44.     It is believed and therefore averred that "Video evidence" confirms that Plaintiff Myneca Y. Ojo, Plaintiff  Karen Ann Crosby,  Ms. Sandra Thompson, Ms. Sandra Harrison and Ms. Carolyn Dow were asked to leave Defendant Brew Vino's Grandview Golf Course on several occasions on the date of April 21, 2018.  *See* **Exhibit B**, Paragraph 42.

## COUNT I

### Violation of Equal Rights Under 42 U.S.C. Section 1981

**Plaintiffs Myneca Y. Ojo and Karen Ann Crosby v. Defendants Brew Vino, LLC d/b/a Grandview Golf Course,
Steve Chronister, Marc Bower, Jordan Lyle Chronister, Brian Polachek and John Doe**

45.     Plaintiffs aver, adopt and incorporate by reference herein each and all of the allegations set forth in Paragraphs 1 - 44 of this Complaint as though fully set forth herein.

46.     The acts and conduct of Defendants constituted a violation of Plaintiffs' equal rights protected under the United States Constitution and 42 U.S.C. Section 1981.

47.     As more fully set forth above, Defendants were motivated by racial animus when they violated Plaintiffs' civil rights.

48.     The aforesaid conduct of Defendants was intentional and undertaken in reckless disregard for the federally protected civil rights of Plaintiffs.

49.     Section 1981 of Title 42 of the United States, enacted in part of the Civil Rights Act of 1866, provides, *inter alia*, that "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts… as is enjoyed by white citizens and shall be subject to like punishment, pains penalties, taxes licenses, and exactions of every kind, and to no other… the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship…the rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State Law."

50.     Defendants, evidencing a settled intent to discriminate against Plaintiffs  because of their race and gender by tortuously interfering with their contractual rights as members of Grandview Golf Course in a racially discriminatory manner, and for a racially discriminatory purpose.

51.     Defendants have intentionally deprived Plaintiffs of the enjoyment of benefits, privileges, terms, and conditions of the contractual relationship to which they are entitled pursuant to their Grandview Golf Course membership.  Racial and gender discriminatory deprivation by denying members the use of Defendant Brew Vino's golf course, golf pro shop, golf carts, eating facilities and outdoor seating, are all in violation of 42 U.S.C § 1981.

52.     Defendants' actions were done as form of outrageous overt intimidation, sexism,

and racism directed towards the Plaintiffs because they are African Americans.

53.     Defendants' actions in this case were reckless, intentional, extreme and outrageous, and motivated by racial animus against Plaintiffs because they are African Americans.

54.     All Defendants acted willfully, deliberately, maliciously and with reckless disregard of Plaintiffs' federal constitutional and state constitutional and statutory rights: actions displaying wanton and malicious conduct.

55.     Defendants' actions in this case were reckless, intentional, extreme and outrageous, and motivated by racial animus against Plaintiffs because Plaintiffs are African American, and because Plaintiffs are women.

56.     After targeting Plaintiffs, Defendants conspired together on April 21, 2018 to engage in the aforesaid conduct for the purpose of violating Plaintiffs' constitutional rights by subjecting them to racial profiling, harassment, intimidation, eviction, and subjected  them to different terms and conditions of service than non-African Americans and male golfers because of Plaintiffs' protected classes: Race, African Americans; and Sex, Female.

57.     WHEREFORE, the premises stated, as  a direct result of said  violations of 42 U.S.C § 1981, Plaintiffs have suffered racial discrimination, humiliation, embarrassment, and other harms, and are entitled to entry of judgment in their favor, and against Defendants, together with an award of declaratory and injunctive relief, damages, and ancillary relief as provided by 42 U.S.C § 1988, and any other relief this Court may deem just and proper.

## COUNT II

### Conspiracy to Violate Constitutional Rights Under 42 U.S.C. Section 1985

### Plaintiffs Myneca Y. Ojo and Karen Ann Crosby v. Defendants Brew Vino, LLC d/b/a Grandview Golf Course, Steve Chronister, Marc Bower, Jordan Lyle Chronister, Brian Polachek and John Doe

58.     Plaintiffs aver, adopt and incorporate by reference herein each and all of the allegations set forth in Paragraphs 1 - 57 of this Complaint as though fully set forth herein.

59.     The acts and conduct of the Defendants constituted a conspiracy to deprive Plaintiffs of their civil rights in violation of 42 U.S.C § 1985.

60.     Defendants motivated by racial based animus designed to deprive Plaintiffs of the

equal protection of the laws by engaging in an invidious, purposeful and intentional plan of discrimination against Plaintiffs that resulted in, *inter alia*, depriving Plaintiffs of the enjoyment of benefits, privileges, terms, and conditions of the contractual relationship  to which Plaintiffs are entitled pursuant to Plaintiffs' Grandview Golf Course memberships, which allows a member to utilize the facilities of Grandview Golf Course.

61.     It is believed and therefore averred that all Defendants were motivated by racial animus and conspired together to engage in the aforesaid conduct for the purpose, among other racist and sexist purposes, of intimidating  these African American women in order to keep these African American women from enjoying the full benefits of their Grandview Golf Course memberships and to discourage African Americans from playing golf at Grandview Golf Course.

62.     Defendants' conspiracy to deny Plaintiffs' equal protection of the laws directly and proximately caused physical and psychological harm to Plaintiffs, as well as pain and suffering, severe emotional distress and financial losses, all to Plaintiffs' detriment and harm.

63.     WHEREFORE, the premises stated, as a result of said violation(s) of 42 U.S.C § 1985, plaintiffs have suffered racial discrimination, humiliation, embarrassment, and other harms, and are entitled to entry of judgment in their favor, and against Defendants, together with an award of declaratory and injunctive relief, damages, and ancillary relief as provided by 42 U.S.C § 1988, and any other relief the Court may deem just and proper.

## COUNT III

### Conspiracy to Violate Constitutional Rights Under 42 U.S.C. Section 1986

### Plaintiffs Myneca Y. Ojo and Karen Ann Crosby v. Defendants Brew Vino, LLC d/b/a Grandview Golf Course, Steve Chronister, Marc Bower, Jordan Lyle Chronister, Brian Polachek and John Doe

64.     Plaintiffs aver, adopt and incorporate by reference herein each and all of the allegations set forth in Paragraphs 1 - 63 of this Complaint as though fully set forth herein.

65.     The acts and conduct of the Defendants constitute an action for neglect for failure to prevent the wrongs of the conspiracy cited in COUNT II herein and such neglect deprived Plaintiffs of their civil rights in violation of 42 U.S.C § 1986.

66.     It is believed and therefore averred that Defendants gathered, collaborated and had knowledge of each other's racial based animus designed to deprive Plaintiffs of the equal protection

of the laws since Defendants could visually observe, audibly hear and had the cognitive mental skills to process each other's statements and actions directed at Plaintiffs on April 21, 2018 at the Grandview Golf Course to understand that using the term "playing slow" in the context of female golfers constitutes gender discrimination.

67.     It is believed and therefore averred that Defendants gathered, collaborated and had knowledge of each other's racial based animus designed to deprive Plaintiffs of the equal protection of the laws since Defendants could visually observe, audibly hear and had the cognitive mental skills to process each other's statements and actions directed at Plaintiffs on April 21, 2018 at the Grandview Golf Course to understand that using the term "playing slow" in the context of American history and African Americans constitutes racial discrimination, particularly when there is no evidence of "playing slow.".

68.     It is believed and therefore averred that Defendants acted in tandem and/or concurrence with racial animus against Plaintiffs on April 21, 2018 at the Grandview Golf Course by, including but not limited to, taunting Plaintiffs, reporting Plaintiffs to the police for no valid reason, and falsely accusing the Plaintiffs of "playing slow" in order to keep these American women, these African American women, from enjoying the full benefits of their Grandview Golf Course memberships and to discourage African Americans from playing golf at Grandview Golf Course.

69.     In light of the fact that one or more of Defendant Brew Vino's managers witnessed and/or participated in the discriminatory acts against Plaintiffs on April 21, 2018, same managers had the power to prevent or aid in preventing the calling of the police.

70.     In light of the fact that one or more of Defendant Brew Vino's managers witnessed and/or participated in the discriminatory acts against Plaintiffs on April 21, 2018, same managers had the power to prevent or aid in preventing the key from being removed from Plaintiff's golf cart by a certain Defendant.

71.     Defendants' conspiracy to deny Plaintiffs' equal protection of the laws directly and proximately caused physical and psychological harm to Plaintiffs, as well as pain and suffering, severe emotional distress and financial losses, all to Plaintiffs' detriment and harm.

72.     WHEREFORE, the premises stated, as a result of said violations of 42 U.S.C § 1985, Plaintiffs have suffered racial discrimination, humiliation, embarrassment, and other harms, and are entitled to entry of judgment in their favor, and against Defendants, together with an award

of declaratory and injunctive relief, damages, and ancillary relief as provided by 42 U.S.C § 1988, and any other relief this Court may deem just and proper.

## COUNT IV

### Supplemental State Law Claims
### *Respondeat Superior*

**Plaintiffs Myneca Y. Ojo and Karen Ann Crosby v. Defendants Brew Vino, LLC d/b/a Grandview Golf Course,**
**Steve Chronister, Marc Bower, Jordan Lyle Chronister, Brian Polachek and John Doe**

73.     Plaintiffs aver, adopt and incorporate by reference herein each and all of the allegations set forth in Paragraphs 1 - 72 of this Complaint as though fully set forth herein.

74.     In addition to being directly liable for certain acts of certain Defendants, Defendant Brew Vino is vicariously liable for the racially discriminatory acts and conduct of its managers, servants, employees, consultants and/or agents, who at all time relevant hereto acted on behalf of Defendant Brew Vino, within the scope and course of their employment, pursuant to the doctrine of *respondeat superior*.

75.     In addition to being directly liable for certain acts of certain Defendants, Defendant Brew Vino is vicariously liable for the racially discriminatory acts and conduct of its managers, servants, employees, consultants and/or agents, who at all time relevant hereto acted on behalf of Defendant Brew Vino, within the scope and course of their employment, pursuant to the doctrine of ostensible agency

76.     Defendants violated the laws and the Constitution of the Commonwealth of Pennsylvania and this Court  has supplemental jurisdiction to hear and adjudicate the claim of this COUNT.

77.     WHEREFORE, the premises stated, as a result of  Defendants 'said violation/s of Plaintiffs' rights regarding Commonwealth of Pennsylvania  Laws, plaintiffs have suffered racial discrimination, humiliation, embarrassment, intentional infliction of emotional distress, and other harms, and are entitled to entry of judgment in their favor, and against Defendants.

## COUNT V

### Violation of the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963 et seq.

### Myneca Y. Ojo and Karen Ann Crosby v. Defendants Brew Vino, LLC d/b/a Grandview Golf Course, Steve Chronister, Marc Bower, Jordan Lyle Chronister, Brian Polachek and John Doe

78.     Plaintiffs aver, adopt and incorporate by reference herein each and all of the allegations set forth in Paragraphs 1 - 77 of this Complaint as though fully set forth herein.

79.     The PHRC found probable cause that Plaintiffs were profiled, harassed, evicted, and subjected to different terms and conditions of service because of their protected classes Race, African American, and Sex, Female in violation of Section 5(a) of the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963 et seq. by the Defendants. *See* **Exhibit A** and **Exhibit B**.

80.     Defendants' violations of the laws and Constitution of the Commonwealth of Pennsylvania and this Court has supplemental jurisdiction to hear and adjudicate the claim of this COUNT.

81.     WHEREFORE, the premises stated, as a result of said violation/s of the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963 et seq.985, plaintiffs have suffered racial discrimination, humiliation, embarrassment, and other harms, and are entitled to entry of judgment in their favor, and against Defendants, and Defendants be required to provide all appropriate remedies under the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963 et seq., and any other relief the Court may deem just and proper.

## COUNT VI

### Supplemental State Law Claims

### Breach of Contract

### Plaintiffs Myneca Y. Ojo and Karen Ann Crosby v. Defendants Brew Vino, LLC d/b/a Grandview Golf Course, Steve Chronister, Marc Bower, Jordan Lyle Chronister, Brian Polachek and John Doe

82.     Plaintiffs aver, adopt and incorporate by reference herein each and all of the allegations set forth in Paragraphs 1 - 81 of this Complaint as though fully set forth herein.

83.     Defendants are directly or vicariously liable for breach of contract under 13 Pa.

C.S. §§ 1101 *et seq.*

84.     Defendants entered into a written contract with Plaintiffs for a three (3) year membership at Defendant Brew Vino's Grandview Golf Course.

85.     On the first day Plaintiffs attempted to use their Grandview Golf Course memberships, Defendants refused to honor the contract between Plaintiffs and Defendants.

86.     Defendants' refusal to honor Plaintiffs' memberships at the Grandview Golf Course resulted in actual damages and compensatory damages sustained as a result of emotional distress, including damages for non-economic losses, including, but not limited to: embarrassment, humiliation and loss of ability to enjoy the pleasures of life.

87.     Defendants' violations of the laws and Constitution of the Commonwealth of Pennsylvania and this Court has resulted in Plaintiff's detriment and harm, and this Court has supplemental jurisdiction to hear and adjudicate the claim of this COUNT.

88.     WHEREFORE, the premises stated, as a result of said violations of the Commonwealth of Pennsylvania Laws, Plaintiffs have suffered racial discrimination, humiliation, embarrassment, and other harms, and are entitled to entry of judgment in their favor, and against Defendants, together with an award of declaratory and injunctive relief, damages, and ancillary relief and any other relief this Court may deem just and proper.

## COUNT VII

### Supplemental State Law Claims

### Constructive Fraud in Contract

**Plaintiffs Myneca Y. Ojo and Karen Ann Crosby v. Defendants Brew Vino, LLC
d/b/a Grandview Golf Course,
Steve Chronister, Marc Bower, Jordan Lyle Chronister, Brian Polachek and John Doe**

89.     Plaintiffs aver, adopt and incorporate by reference herein each and all of the allegations set forth in Paragraphs 1 - 88 of this Complaint as though fully set forth herein.

90.     There existed a fiduciary relationship between Plaintiffs and at least Defendant Brew Vino since Plaintiffs are paid members of Defendant Brew Vino's Grandview Golf Course, and Plaintiffs reposed their trust and confidence in Defendants, and reasonably expected that Defendants would exercise scrupulous fairness and good faith in Defendants' dealings with Plaintiffs.

91.     By conducting racial and gender discrimination upon Plaintiffs, Defendants took advantage of Plaintiffs as members of Grandview Golf Course who were seeking quality of life, as females and as African Americans; and such advantage was fraudulent, lacking in fairness conscientiousness.

92.     The facts presented for the herein COUNT are particularly striking since under previous ownership of Defendant Brew Vino, the Grandview Golf Course had a reputation for being relaxing and inviting for minorities who were refused membership at certain other golf course in York County.

93.     Defendants' violations of the laws and Constitution of the Commonwealth of Pennsylvania and this Court has resulted in Plaintiff's detriment and harm, and this Court has supplemental jurisdiction to hear and adjudicate the claim of this COUNT.

94.     WHEREFORE, the premises stated, as a result of said violations of the Commonwealth's laws against constructive fraud, Plaintiffs have suffered racial discrimination, humiliation, embarrassment, and other harms, and are entitled to entry of judgment in their favor, and against Defendants, together with an award of declaratory and injunctive relief, damages, and ancillary relief as provided by the Commonwealth, and any other relief this Court may deem just and proper.

## COUNT VIII

### Supplemental State Law Claims

### Tortious Interference with Contract

**Plaintiffs Myneca Y. Ojo and Karen Ann Crosby v. Defendants Brew Vino, LLC d/b/a Grandview Golf Course,
Steve Chronister, Marc Bower, Jordan Lyle Chronister, Brian Polachek and John Doe**

95.     Plaintiffs aver, adopt and incorporate by reference herein each and all of the allegations set forth in Paragraphs 1 - 94 of this Complaint as though fully set forth herein.

96.     This claim is for tortuous interference with contract, pursuant to the Common Law of the Commonwealth of Pennsylvania.

97.     Upon information and belief and so averred, Defendants understood that their actions would interfere with the contractual relationship between Plaintiff and Defendants.

98.     Upon information and belief and so averred, Defendants understood that their

acts were not constructive, were not done in good faith, and were done willfully, deliberately and intentionally.

99.     Defendants' violations of the laws and Constitution of the Commonwealth of Pennsylvania and this Court has resulted in Plaintiff's detriment and harm, and this Court has supplemental jurisdiction to hear and adjudicate the claim of this COUNT.

100.    WHEREFORE, the premises stated, as a result of said violations of the Commonwealth's laws against tortious interference with contract, Plaintiffs have suffered racial discrimination, humiliation, embarrassment, and other harms, and are entitled to entry of judgment in their favor, and against Defendants, together with an award of declaratory and injunctive relief, damages, and ancillary relief as provided by the Commonwealth, and any other relief this Court may deem just and proper.


## COUNT IX

### Supplemental State Law Claims

### Defamation - /Slander/Slander Per Se

### Plaintiffs Myneca Y. Ojo and Karen Ann Crosby v. Defendants Brew Vino, LLC d/b/a Grandview Golf Course, Steve Chronister, Marc Bower, Jordan Lyle Chronister, Brian Polachek and John Doe


101.    Plaintiffs aver, adopt and incorporate by reference herein each and all of the allegations set forth in Paragraphs 1 -100 of this Complaint as though fully set forth herein.

102.    This claim is for defamation/slander/slander per se.

103.    Upon information and belief and so averred, at least one Defendant, Steve Chronister, has made untruthful, disparaging statements to members of the media since the discriminatory acts and events of April 21, 2018 at the Grandview Golf Course.

104.    Upon information and belief and so averred, Defendant Steve Chronister stated to a member of the news media, which was published in the York Daily Record Newspaper on February 25, 2020 that, "As a consultant of BrewVino LLC and Grandview Golf Course, I would like to address the recent PA State Human Relations Commission (PHRC) ruling against Grandview Golf Course in response to the accusation of racism that purportedly happened on April 21, 2018.  As a result of their ruling, I am asking for a full investigation into this nearly two-year assault on our business and reputation.  It is of utmost importance that we shed light

on the wrongdoing that has taken place with the PHRC to ensure that this never happens again to another small business.  In June of 2018, two months after the incident, the PHRC launched the first of multiple hearings regarding the accusations.  <u>Throughout the hearings, the five accusers testified under oath and before this kangaroo court, asserting the false claims and ultimately committing perjury, which I can prove.</u>"  (Emphasis added.)

105.    Upon information and belief and so averred, Defendant Steve Chronister made public statements that were published and that implicated that the Plaintiffs had committed the crime of perjury.

106.    Upon information and belief and so averred, Defendant Steve Chronister understands that his acts were not constructive, were not done in good faith, and were done willfully, deliberately and intentionally.

107.    Defendants' violations of the laws and Constitution of the Commonwealth of Pennsylvania and this Court has resulted in Plaintiff's detriment and harm, and this Court has supplemental jurisdiction to hear and adjudicate the claim of this COUNT.

108.    WHEREFORE, the premises stated, as a result of said violations of the Commonwealth's laws against slander/defamation, Plaintiffs have suffered racial discrimination, humiliation, embarrassment, and other harms, and are entitled to entry of judgment in their favor, and against Defendants, together with an award of declaratory and injunctive relief, damages, and ancillary relief as provided by the Commonwealth, and any other relief this Court may deem just and proper

### COUNT X
### Supplemental State Law Claims
### Infliction of Emotional Distress
**Plaintiffs Myneca Y. Ojo and Karen Ann Crosby v. Defendants Brew Vino, LLC d/b/a Grandview Golf Course,
Steve Chronister, Marc Bower, Jordan Lyle Chronister, Brian Polachek and John Doe**

109.    Plaintiffs aver, adopt and incorporate by reference herein each and all of the allegations set forth in Paragraphs 1 - 108 of this Complaint as though fully set forth herein.

110.    This claim is for infliction of emotional distress, pursuant to Laws of the Commonwealth of Pennsylvania.

111.    Upon information and belief and so averred, Defendants understood that their actions would interfere with the health and emotional stability of Plaintiffs' quality of life.

112.    Upon information and belief and so averred, Defendants understood that their acts were not constructive, were not done in good faith, and were done willfully, deliberately and intentionally.

113.    Defendants' violations of the laws and Constitution of the Commonwealth of Pennsylvania and this Court has resulted in Plaintiff's detriment and harm, and this Court has supplemental jurisdiction to hear and adjudicate the claim of this COUNT.

114.    WHEREFORE, the premises stated, as a result of said violations of the Commonwealth's laws against infliction of emotional distress, Plaintiffs have suffered racial discrimination, humiliation, embarrassment, severe emotional distress and other harms, and are entitled to entry of judgment in their favor, and against Defendants, together with an award of declaratory and injunctive relief, damages, and ancillary relief as provided by the Commonwealth, and any other relief this Court may deem just and proper

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, Myneca Y. Ojo and Karen Ann Crosby, respectfully request that this Honorable Court enter judgment against all Defendants, as follows:

A.  Declare that the above conduct of the Defendants constitutes unlawful discrimination based upon Plaintiffs' race and gender;

B.  Declare that the above alleged acts of Defendants constitute violations of 42 U.S.C. § 1981;

C.  Declare that the above alleged acts of Defendants constitute violations of 42 U.S.C. § 1982;

D.  Declare that the above alleged acts of Defendants constitute violations of 42 U.S.C. § 1985;

E.  Declare that the above alleged acts of Defendants constitute violations of 42 U.S.C. § 1986;

F.  Declare that the above alleged acts of Defendants constitute violations of 42 U.S.C. § 2000a;

G.  Award injunctive relief, as appropriate;

H.  Award damages for all discriminatory and retaliatory conduct and resulting violations of the Civil Rights Act;

I.  Award Plaintiffs compensatory damages sustained as a result of severe emotional distress, including damages for non-economic losses, including, but not limited to: embarrassment, humiliation and loss of ability to enjoy the pleasures of life;

J.  Award Plaintiff Karen Ann Crosby, for violations of the Civil Rights Act, damages, including back pay, front pay, the value of lost fringe benefits and employment advancement equal to the amount Plaintiff Karen Ann Crosby would have earned but for the discriminatory actions of Defendants;

K.  Award Plaintiff Myneca Y. Ojo compensatory damages sustained as a result of the emotional distress of intimidation by Defendants for placing multiple calls to the police to have Plaintiff Myneca Y. Ojo removed from Grandview Golf Course, in violation of the Civil Rights Act, such damages including but not limited to: embarrassment, humiliation and loss of ability to enjoy the pleasures of life;

L.  Award Plaintiffs' reasonable attorney's fees;

M.  Award Plaintiffs' counsels reimbursement of litigation costs;

N.  Award Plaintiffs delay damages;

O.  Award Plaintiffs' punitive damages;

P.  Award Plaintiffs interest on the damages; and

Q.  Award other just and equitable relief as this Honorable Court deems appropriate.

Plaintiffs hereby Demand a Jury Trial

Respectfully submitted,

By: S/John Rollins, Esquire
John L. Rollins, Esquire

Law Office of John L. Rollins
1408 Burke Road
West Chester, PA 19380
Telephone:(215) 512-4219
Facsimile: (484) 879-6770
PA Supreme Court ID# 65636
Email: johnrollinsesq@gmail.com

By: S/Mary H. Powell, Esquire
Mary H Powell, Esquire
Powell Law.PC
PA ID# 87862
2608 N. 3rd Street, P O Box 61485
Harrisburg, PA 17106-1485
(717) 230-8833
Email: patentspowell@gmail.com

**Counsels for Plaintiffs**

Dated this 20th day of April, 2020.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MYNECA Y. OJO** | : | CIVIL ACTION LAW |
| 364 Wilson Avenue | : | |
| Hanover PA 17331 | : | |
| | : | |
| and | : | **Civil Action No.:** _____ |
| | : | |
| **KAREN ANN CROSBY** | : | |
| 335 East Locust Street | : | |
| York, PA 17403 | : | **C o m p l a i n t** |
| *Plaintiffs* | : | |
| | : | |
| **vs.** | : | |
| | : | **J U R Y   T R I A L   D E M A N D E D** |
| **BREW VINO LLC et al.** | : | |
| *Defendants* | : | |

## APPENDIX OF EXHIBITS
## TO PLAINTIFFS' COMPLAINT

TABLE OF EXHIBITS

**Exhibit A**        True and correct copy of the PHRC's *Finding of Probable Cause and Findings of Facts in Support of Probable Cause*: Karen Ann Crosby v. Brew Vino, LLC**,** d/b/a Grandview Golf Course, PHRC Case No. 201800914.

**Exhibit B**        True and correct copy of the PHRC's *Finding of Probable Cause and Findings of Facts in Support of Probable Cause*: Myneca Y. Ojo v. Brew Vino, LLC**,** d/b/a Grandview Golf Course, PHRC Case No. 201800913.