IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MYNECA Y. OJO** *and* **KAREN ANN CROSBY,** : | **Civ. No. 1:20-cv-00661** |
| : | |
| **Plaintiffs,** : | |
| : | |
| vs. : | |
| : | |
| **BREW VINO, LLC** *d/b/a* **GRANDVIEW GOLF COURSE et al.,** : | |
| : | |
| **Defendants.** : | **Judge Sylvia H. Rambo** |

## **MEMORANDUM**

Defendants' "motion for relief from judgment" pursuant to Rule 60(a) and Rule 60(b)(1) of the Federal Rules of Civil Procedure (Doc. 18) will be summarily denied.

Defendants' Rule 60(a) argument that default judgment was erroneously entered against them has no merit because, as Plaintiffs correctly explain in their opposition brief, no default judgment has been entered in this case. Only default has been entered against Defendants. "An entry of default is a purely ministerial act carried out by a court clerk on request in cases in which a defendant has 'failed to plead or otherwise defend," *Sourcecorp Inc. v. Croney,* 412 F. App'x 455, 457 n.2 (3d Cir. 2011) (quoting Fed.R.Civ.P. 55(a)), and is not the same as a final default judgment. Defendants' Rule 55(b)(1) argument that default judgment should be re-opened due to mistake or excusable neglect fails for the same reason. Rule 55(b)(1)

1

provides for relief from default judgments, and no default judgment has been entered in this matter.

Moreover, to the extent that Defendants' motion may be interpreted as a motion to vacate the default due to excusable neglect, it fails to demonstrate that relief is proper. Motions for relief from default lie within the sound discretion of the district court but "may only be made 'for good cause.'" *Doe v. Hesketh*, 828 F.3d 159, 175 (3d Cir. 2016) (quoting Fed. R. Civ. P. 55(c)). To determine whether good cause exists, the court must consider whether the plaintiff will suffer prejudice, whether the defendant has a meritorious defense, and whether the default resulted from the defendant's culpable conduct. *Id.*; *see United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984).

Defendants' motion in this case does not assert a single meritorious defense, let alone a defense to each of Plaintiffs' claims, and instead only offers general criticisms of the Pennsylvania Human Rights Commission proceedings that resulted in the issuance of Plaintiffs' right to sue letter. Defendants also submit no affidavits in support of their motion, and their explanation for failing to timely defend consists of two conclusory sentences that do not provide any meaningful insight into Defendants' culpability. Defendants' motion will therefore be denied.

Nevertheless, Plaintiffs still have an undecided motion for default judgment pending, and the court is mindful of the Third Circuit's policy disfavoring default

judgments and encouraging decisions on the merits. See *Harad v. Aetna Cas. & Sur. Co.,* 839 F.2d 979, 982 (3d Cir. 1988); *Nationwide Mut. Ins. v. Starlight Ballroom Dance Club,* 175 F. App'x 519, 521 (3d Cir. 2006). Defendants' arguments that they have a meritorious defense and lack culpability fail here because their motion does not provide the court with sufficient information to make an informed assessment on whether their representations are accurate. Assuming they are accurate, the court will afford Defendants one final opportunity to substantively demonstrate as much in a manner that complies with the Federal Rules of Civil Procedure and the well-established case law in this Circuit governing motions for relief from default.

Defendants' delay in this matter has not hindered and will not hinder Plaintiffs from prosecuting their case on the merits, if necessary. Plaintiffs' arguments to the contrary lean heavily on the fact that Defendants failed to defend the prior administrative proceedings against them, but nothing before the court suggests that the passage of time has meaningfully increased the risk of fraud, collusion, evidence loss, or created any other real potential of prejudice.

As such, Defendants will be permitted to file a brief in opposition to Plaintiffs' outstanding motion for default judgment within 30 days, wherein they may also move to vacate the default against them. Defendants' brief must strictly comply with the accompanying order and all other applicable local and federal rules, and it must also address Plaintiffs' request that Defendants be ordered to pay the attorney's fees

that were incurred in responding to Defendants' motion, which for the reasons described above, has no merit. An accompanying order shall follow.

Dated: February 4, 2021

*s/Sylvia H. Rambo*
Sylvia H. Rambo
United States District Judge
