IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MYNECA Y. OJO** *and* **KAREN ANN CROSBY,** :     Plaintiffs, :     vs. :     **BREW VINO, LLC** *d/b/a* **GRANDVIEW GOLF COURSE et al.,** :     Defendants. | Civ. No. 1:20-cv-00661     Judge Sylvia H. Rambo |

## MEMORANDUM

This case involves claims by Plaintiffs Myneca Y. Ojo and Karen Ann Crosby that they were discriminated against on the basis of gender and race while playing golf at Grandview Golf Course located in York County, Pennsylvania. Defendant Brew Vino, LLC is a Pennsylvania limited liability company that owns and operates Grandview and Defendants Marc Bower, Steve Chronister, Jordan Lyle Chronister, Brian Polechek, and John Doe were employees or managers of Brew Vino at the time of the incident.

On April 20, 2020, Plaintiffs initiated this action by filing a complaint, which alleges claims under 42 U.S.C. § 1981, 42 U.S.C. § 1985, 42 U.S.C. § 1986, Respondeat Superior, Violation of the Pennsylvania Human Relations Act, Breach of Contract, Constructive Fraud in Contract, Tortious Interference with Contract, Defamation, and Infliction of Emotional Distress.

1

On August 21, 2020, after Defendants failed to timely respond to the complaint, Plaintiffs filed a motion for default. (Docs. 7-11.) On August 24, 2020, the Clerk of Court entered default against Defendants. (Docs. 12-16.) Five days later, Plaintiffs filed a motion for default judgment. (Doc. 17.)

On August 31, 2020, Defendants filed a "Motion for Relief from Default Judgment" pursuant to Rule 60 of the Federal Rules of Civil Procedure. (Doc. 18.) On February 4, 2021, the court conditionally denied the motion. (Doc. 22.) The court found that Defendants' motion erroneously requested relief from default judgment, which had not been entered in the case, and that it failed to demonstrate that relief was appropriate because it did not assert a meritorious defense and did not provide the court with sufficient information to make an assessment on whether Defendants were culpable for their default. (*Id*.) Nonetheless, mindful of the Third Circuit's policy disfavoring default judgments and finding that Defendants' delay did not and would not hinder Plaintiffs from prosecuting their case on the merits, the court denied the motion conditionally and granted Defendants leave to file a proper brief in support of relief from default and in opposition to Plaintiffs' motion for default judgment. (*Id.*)

Defendants timely filed their brief on March 6, 2021, and Plaintiffs thereafter responded. (Docs. 23-24.) On May 5, 2021, the court granted Defendants relief from default and denied Plaintiffs' motion for default judgment. (Docs. 25-26.) In

granting relief from default, the court found that alternative sanctions in the form of attorney's fees would be sufficient to deter Defendants' conduct and compensate Plaintiffs for any prejudice they suffered. Plaintiffs' counsel subsequently filed a declaration detailing the fees and expenses that were incurred in connection with Defendants' default, and Defendants filed objections.

In determining whether to set aside an entry of default, one of the factors courts consider is whether alternative sanctions would be effective. *Emcasco Ins. Co. v. Sambrick,* 834 F.2d 71, 73 (3d Cir.1987). "The purpose of an alternative sanction in this context is to compensate plaintiff and to deter such conduct in the future." *Davis v. Metro. Life Ins. Co.*, No. 1:13-CV-2741, 2015 WL 574616, at *10 (M.D. Pa. Feb. 11, 2015). To fashion an appropriate sanction, courts may consider, among other things, the seriousness of the conduct, the damage caused by the conduct, and the effect of the conduct on the administration of justice. *Id.; Agnew v. E*Trade Sec. LLC,* 811 F.Supp.2d 1177, 1185 (E.D. Pa. 2011).

Here, the court has already determined that alternative sanctions in the form of attorney's fees would be an effective and appropriate remedy for Defendants' conduct. While Defendants' failure to appear and defend this action may not have resulted from their own bad faith, the record shows that they have taken a casual approach to this litigation since the beginning, including by failing to confirm that an extension of their time to answer was ever negotiated, and by filing a motion for

relief that did not comply with the most basic of standards for such motions. Defendants' default and motions for relief substantially delayed this litigation and forced Plaintiffs and the court to expend unnecessary resources. A monetary sanction is therefore appropriate, and Defendants shall compensate Plaintiffs for the reasonable fees and costs expended in obtaining the defaults, moving for default judgment, and responding to Defendants' initial motion for relief from default and their subsequent motion for reconsideration.

The declarations by Plaintiffs' counsel, John Rollins and Mary Powell, requests $47,145.47 total in fees and costs, which includes (1) Mr. Rollins' fees and expenses of $26,271.47, based on 56.9 hours worked at a rate of $450 per hour and administrative expenses in the amount of $666.47; and (2) Ms. Powell's fees and expenses of $20,874.90, based on 62.1 hours worked at a rate of $325 per hour and administrative expenses in the amount of $692.40. (Doc. 28, p. 2.)

The court finds that the attorneys' hourly rates are reasonable. Mr. Rollins and Ms. Powell both have over 25-years' experience, and they submit the fee schedule used by Community Legal Services (CLS) that provides for an hourly rate of $650-$700 for attorneys with such experience. (Doc. 28, p. 5.) The CLS fee schedule is commonly used in this district as a benchmark for fees, and the attorneys' respective rates account for an appropriate discount from the Philadelphia-area market rate to prevailing market rate in this district. *See Ricky Lee Bugg, Jr. v. Just Wing It, LLC*,

No. 1:18-CV-02399, 2020 WL 4471520, at *3 (M.D. Pa. Aug. 4, 2020) ("Other courts in this district have previously used the CLS rates as a guide to reasonableness, and the court will do so here.") (citing *Angino v. Transunion, LLC*, No. 17-0954, 2019 WL 8161110, at *2 (M.D. Pa. Nov. 25, 2019); *Lightstyles, Ltd. v. Marvin Lumber & Cedar Co.*, No. 13-CV-1510, 2015 WL 4078826, at *4 (M.D. Pa. July 6, 2015)).

The court nevertheless finds the number of hours worked unreasonable in several respects. First, it was unreasonable for Mr. Rollins and Ms. Powell to expend a total of 6.2 hours over two days to confer with clients, review a single court order, and coordinate unspecified "legal team logistics." (*See* Doc. 28 at (10).) The court will reduce each attorney's share of these hours by 50%.

In addition, it was unreasonable for Mr. Rollins and Ms. Powell to expend 10.7 and 2.6 hours respectively to draft and file the motions for entry of default in this case. (*Id.* at (2)-(6).) The motions were short in length and contained largely boilerplate language and no substantive legal analysis, and while the attorneys collectively spent at least 2.5 hours for each individual motion that was filed, the only difference between the motions was the name of the Defendant. The court will reduce each attorney's share of these hours by 75%.

Further, the court finds that it was unreasonable for Mr. Rollins and Ms. Powell to expend 9.2 and 31.8 hours respectively to review Defendants' motion for

relief from default and research, draft, and file a brief in opposition to defendants' motion for relief from default. (*Id*. at (8).) Plaintiffs' brief was only ten pages in length and addressed relatively straight forward legal issues. That said, the brief was well-prepared, and it contained multiple exhibits and considerable factual and legal substance. The court will reduce each attorney's share of these hours by 50%.

Finally, it was unreasonable for Mr. Rollins and Ms. Powell to expend 22.7 and 18.1 hours respectively to prepare and interview a witness, and to research, draft, and file a brief in opposition to Defendant's renewed motion for relief from default. (*Id*. at (13).) The cited witness had no connection to Defendants' default in this matter and the time spent interviewing him was not an expense incurred as the result of Defendants' default. At the same time, Plaintiffs' opposition to Defendant's renewed motion for relief was well-prepared, substantive, and thoroughly researched. The court will therefore reduce each attorney's share of these hours by 40%.

The court finds that the attorney's expenses and the remainder of their hours are reasonable. Accounting for the above adjustments, Mr. Rollins expended 33.7 hours, which multiplied by his hourly fee of $450 totals $15,165.00. After adding Mr. Rollins' administrative expenses of $666.47, his total fees and expenses are $15,831.47. Ms. Powell's adjusted hours total 35.6, which multiplied by her hourly fee of $325 comes to $11,570.00. After adding Ms. Powell's administrative expenses

of $692.4, her total fees and expenses are $12,262.40, which combined with Mr. Rollins fees and expenses of $15,831.47, totals $28,093.87. Accordingly, Defendants will be ordered to pay Plaintiffs' attorneys fees and expenses in the amount of $28,093.87. An appropriate order shall follow.

Dated: September 13, 2021

                                                */s/ Sylvia H. Rambo*
                                                Sylvia H. Rambo
                                                United States District Judge