IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MYNECA Y. OJO et al.,** | : | **Civil No. 1:20-CV-661** |
| **Plaintiffs,** | : | |
| v. | : | |
| **BREW VINO LLC, et al.,** | : | |
| **Defendants.** | : | **Judge Sylvia H. Rambo** |

### M E M O R A N D U M

Before the court is Defendants' Amended Motion for Joinder (Doc. 35), which requests that this action be consolidated with *Sandra Harrison et al. v. Brew Vino LLC, et al.*, Civil No. 1:20-CV-666 (hereinafter *Harrison*).[1] For the following reasons, the court will grant the motion.

### I.   BACKGROUND

According to Plaintiffs' complaint, this case arose from an incident on April 21, 2018, in York, Pennsylvania at Grandview Golf Course, a public facility operated by Defendant Brew Vino LLC. (Doc. 1 at ¶¶ 1, 14.) Having purchased a three-year membership to the golf course, Plaintiffs Myneca Y. Ojo and Karen Ann

---

[1] The motion requests consolidation but cites Federal Rule of Civil Procedure 20 governing joinder of parties instead of the controlling Rule 42(a). (*See* Doc. 35 at ¶¶ 1–2.) Because the Rule 42(a) test for consolidation is included as part of Rule 20 analysis and since Defendants argue the applicable standard in their motion, the court will consider it as a motion to consolidate. Additionally, the court notes that Defendants failed to file a separate brief in support of their motion in accordance with Local Rule 7.5 and advises that they must do so in connection with any future motion.

1

Crosby were exercising their membership for the first time. (*Id.* at ¶ 1.) They were joined by three other friends, Sandra Thompson, Sandra Harrison, and Carolyn Dow. (*Id.* at ¶ 14.) Plaintiffs and the other members of their group are African American women. (*Id.*) Plaintiffs allege that Brew Vino LLC, through its employees, the named individual Defendants, discriminated against their group while they golfed by undeservedly reprimanding them for playing too slow and cutting people off, by asking them to leave and trying to refund their membership fees, and by calling the police on them several times. (*Id.* at ¶¶ 22–25, 30–37.) After completing nine holes, the group took a lunch break, and only Plaintiff Ojo and Ms. Thompson stayed at the golf course to finish the remaining nine holes. (*Id.* at ¶ 29.) Some of the alleged actions occurred before the group's lunch break, and others after.

On April 20, 2020, Plaintiffs initiated this action against Defendants alleging unlawful discrimination on the basis of race and sex under the Civil Rights Act, 42 U.S.C. §§ 1982, 1985, 1986 *et seq.*, 42 U.S.C. § 2000a *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), as well as common law claims for breach of contract, constructive fraud of contract, tortious interference of contract, defamation, and infliction of emotional distress. Defendants answered the complaint on May 18, 2021, and a case management conference was held on August 9, 2021. (Doc. 27.)

The next day, Sandra Harrison and Carolyn Dow, two other members in Plaintiffs' golf group, filed a lawsuit against the same named defendants and based

on the same incident, alleging unlawful discrimination on the basis of race and sex under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the PHRA. (*See Harrison*, Doc. 1.) The *Harrison* Defendants, who are represented by the same counsel representing them in this action, answered the complaint on May 18, 2021, and a case management conference was held on August 9, 2021. (*Harrison*, Doc. 29.)

On September 3, 2021, Defendants moved for joinder or consolidation of the two cases. (Doc. 35; *see also Harrison*, Doc. 36.) Plaintiffs filed a brief in opposition. (Doc. 40.) The matter is ripe for review.

## II. STANDARD OF REVIEW

When separate actions pending before a court "involve a common question of law or fact," the court has broad discretion to consolidate them to facilitate the administration of justice. FED. R. CIV. P. 42(a)(2); *Hall v. Hall*, 138 S. Ct. 1118, 1130 (2018). Consolidated cases "do not lose their separate identities," and consolidation must not "deprive any party of any substantial rights which he may have possessed had the actions proceeded separately." *Hall*, 136 S. Ct. at 1130–31 (internal citations omitted). In exercising its discretion, the court should "weigh the benefits of judicial economy against the potential for new delays, expense, confusion or prejudice." *Farahmand v. Rumsfeld*, No. 02-CV-1236, 2002 WL 31630709, at *1 (E.D. Pa. Nov.

20, 2002) (cleaned up). The moving party bears the burden of proof. *See id.; Borough of Olyphant v. PPL Corp.*, 153 F. App'x 80, 82 (3d Cir. 2005).

### III.  DISCUSSION

Defendants' motion contends that this case should be consolidated with *Harrison* because the actions share common facts and law. Common facts include that plaintiffs from both cases were on a golf outing together at the Grandview Golf Course on April 21, 2018; that all plaintiffs are African American women who were members of the golf course; and that both cases name the same Defendants. Common issues of law include that both actions allege, based on the same or similar conduct, race- and sex-based discrimination in violation of various federal and state laws, including Title II of the Civil Rights Act of 1964, Section 1981 of the Civil Rights Act of 1966, and the PHRA.

Plaintiffs' arguments against consolidation are unavailing. They contend that their interests conflict with those of the *Harrison* Plaintiffs because they allege distinct operative facts, make different demands for damages, and assert additional common law claims. But the specific factual differences between the cases that Plaintiffs point to are relatively minor, and to the extent Ojo alleges facts as to liability that do not apply to the *Harrison* Plaintiffs, there is no serious dispute that these same facts also do not apply to Crosby. Similarly, Plaintiffs' arguments exaggerate the added complexity of adjudicating different damages demands,

particularly considering that some of their injuries are alleged to have arisen from the very same conduct alleged in *Harrison*, and given that they themselves already make dissimilar demands. Plaintiffs' assertion of unique common law claims likewise does not defeat Defendants' motion, as the claims are based on the same set of circumstances, and complete identity of law or facts is not required for consolidation. *See e.g.*, *Brown v. Mercadante*, 687 F. App'x 220, 221–22 n.3 (3d Cir. 2017) (affirming district court's consolidation of two actions involving one or more unique facts, claims, and parties).

Plaintiffs make no substantive argument that consolidation would cause delay, unnecessary expense, confusion, or prejudice. The progression of both cases in tandem to date means there is little risk of delay, and consolidation will ostensibly reduce the parties' litigation expenses by permitting them to coordinate discovery and requiring that identical witnesses listed in both actions' case management plans be deposed only once.[2] (*See* Docs. 30, 32; *Harrison*, Docs. 32, 34.) There is also minimal risk of confusion or prejudice to Plaintiffs. Both actions concern relatively straightforward and largely identical issues of fact and questions of law, and courts regularly and competently manage cases with multiple plaintiffs, dissimilar claims,

---

[2] The cases' complaints were filed one day apart; respective answers were filed on the same date; and the court issued the same post-conference order in both cases on the same date. (*See* Docs. 1, 27, 32; *Harrison*, Docs. 1, 29, 34.)

5

and varying demands for damages. Therefore, the court will exercise its discretion to consolidate the cases to facilitate the administration of justice.

## IV. CONCLUSION

For the reasons set forth above, the court will grant Defendants' Amended Motion for Joinder. (Doc. 35.) An appropriate order shall follow.

*s/ Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: January 28, 2022